# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **KUMAR NARESH**, <br><br> Petitioner, <br><br> v. <br><br> **MICHAEL KLINGER, District Director, Bureau of Immigration and Customs Enforcement, Detroit Field Office**, <br><br> Respondent. | 2:19-cv-12800 <br><br> HON. TERRENCE G. BERG <br><br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

Naresh Kumar,[1] a citizen of India, is being held in immigration detention at the Chippewa County Correctional Facility, in Sault Ste. Marie, Michigan. He has been detained since August 22, 2018; he was ordered removed from the United States on November 5, 2018. Kumar's appeal of the final order of removal is currently pending on appeal before the Board of Immigration Appeals. He filed a writ of habeas corpus with this Court under 28 U.S.C. § 2241 claiming that he was improperly denied bond in violation of his rights under the Fifth Amendment's Due Process Clause. Kumar further challenges the length of his detention as

---

[1] The case caption refers to Petitioner as "Kumar Naresh" but portions of the habeas petition as well as the declaration submitted by Immigration and Customs Enforcement Deportation Officer Parminderjit Sidhu suggest Petitioner's name is "Naresh Kumar." Because this petition will be dismissed, the Court will not amend the case caption.

1

well as his classification as a high-security prisoner and the conditions of confinement he was subjected to on May 19, 2019. As relief, he requests that this Court order his immediate release from immigration detention. Because this Court lacks subject-matter jurisdiction to review the Attorney General's discretionary decision to deny Kumar bond and instead to hold him in custody for the pendency of his removal proceedings, it will dismiss with prejudice his application for a writ of habeas corpus.

## BACKGROUND

Kumar is a citizen of India who was admitted to the United States in 2011 as a nonimmigrant visitor in Boston, Massachusetts. *See* ECF No. 6-1, PageID.36 (Parminderjit Sidhu Decl.). He was authorized to remain in the United States only until January 20, 2012 but stayed well beyond that date. *Id.* On March 16, 2018, Kumar filed a Form I-589 Application for Asylum and for Withholding of Removal with United States Citizenship and Immigration Services ("USCIS"). *Id.* While that application was pending, Kumar was arrested in Grand Rapids, Michigan on an assault charge and held in the Kent County Jail. *Id.* He was released from jail on August 21, 2018 and taken into custody by Immigration and Customs Enforcement ("ICE"). *Id.* The next day, USCIS initiated removal proceedings against Kumar. *Id.* He requested that an immigration judge review his custody status and on October 2, 2018 an immigration judge in Detroit, Michigan denied bond, finding that Kumar

2

posed a danger to the community. *Id*. The following day, Kumar filed a motion for reconsideration or for a new bond hearing based on a material change in circumstances. *Id*. at PageID.37. A second bond hearing was held on November 5, 2018 and the immigration judge again denied bond, determining that Kumar posed a danger to the community as well as a flight risk. *Id*. Kumar appealed that bond determination to the Board of Immigration Appeals ("BIA") but the appeal was denied as untimely filed. *Id*. He then filed another application for asylum under the Convention Against Torture. *See id*. On November 5, 2018, the immigration judge deemed Kumar's asylum application abandoned and ordered his removal from the United States. *Id*. Kumar appealed that decision and the BIA ultimately remanded the case back to the immigration judge, finding that Kumar had received ineffective assistance from his counsel, who had not filed a legible copy of the asylum application, leading to its denial. *Id*. Finally, on August 26, 2019, after a hearing, the immigration judge denied Kumar's applications for asylum. *Id*. He appealed that decision to the BIA, where it remains pending. *Id*. The appellate briefs from Kumar and ICE were due to the BIA by October 11, 2019. *Id*. If the BIA affirms the immigration judge's order of removal, Kumar will likely be removed from the United States within the next several weeks. *See id*. at PageID.37–38.

## DISCUSSION

"The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494–95 (1973). A court therefore has jurisdiction over a habeas petition only if it has personal jurisdiction over the petitioner's custodian. *Id.* at 405. "As a general rule, a petition should name as a respondent to his habeas corpus petition, 'the individual having day-to-day control over the facility in which [the alien] is being detained.'" *Roman v. Ashcroft*, 340 F.3d 314, 319–20 (6th Cir. 2003) (citing *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000)). This is frequently referred to as the "immediate custodian rule." *Roman*, 340 F.3d at 319–20. The immediate custodian typically is either the warden of the facility where the alien is detained or, in the immigration detention context, the Immigration and Customs Enforcement ("ICE") Director of the district where the alien is being detained. *See id.* at 320. Although the warden of each detention facility "technically has day-to-day control over alien detainees, the [ICE] District Director for the district where a detention facility is located 'has power over' alien habeas corpus petitioners" and is therefore an appropriate respondent according to the Sixth Circuit's decision in *Roman. See id.* (citing *Henderson v. I.N.S.*, 157 F.3d 106 (2d Cir. 1998)); *see also Kholyavskiy v. Achim*, 443 F.3d 946, 950 (7th Cir. 2006) (explaining that circuits are divided on the question of whether a

4

detained alien challenging his impending removal must name the warden of his detention facility in a habeas petition, or may name an immigration official instead).[2]

Here, Petitioner has named as the only respondent in his case Michael Klinger, District Director of the Bureau of Immigration and Customs Enforcement for the Detroit, Michigan Field Office. Other courts in this district interpreting the Sixth Circuit's decision in *Roman v. Ashcroft* have found that the ICE District Director is an appropriate party to be sued in a case where the petitioner, like Kumar, is detained pending completion of removal proceedings. *See, e.g., Hamama v. Adducci*, No. 17-cv-11910, 2017 WL 2806144 (E.D. Mich. June 26, 2017); *Rosciszewski v. Adducci*, 983 F. Supp. 2d 910 (E.D. Mich. 2013); *Khodr v. Adduci*, 697 F. Supp. 2d 774, 776 (E.D. Mich. 2010); *Uljic v. Baker*, No. 06-13106, 2006 WL 2811351 (E.D. Mich. Sep. 28, 2006). As the ICE District Director for the State of Michigan, Klinger is therefore properly named as a respondent in this case. But the Court lacks subject-matter jurisdiction to review the Attorney General's discretionary bond

---

[2] Respondent relies on *Rumsfeld v. Padilla*, 542 U.S. 426 (2005), which held that when a prisoner files a habeas petition pursuant to 28 U.S.C. § 2241 the proper respondent is generally the warden of the facility where the prisoner is being held. But *Roman* counsels that, in the immigration detention context, the day-to-day control wardens have over an alien detainee is exercised only at the direction of ICE and therefore the ICE District Director is an appropriate individual to name as the respondent in a § 2241 petition. *See Roman,* 340 F.3d 314.

5

termination and accordingly must dismiss Kumar's petition. *See* 8 U.S.C. § 1226(e).

The Fifth Amendment's Due Process Clause forbids the government from depriving any person of liberty without due process of law. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). It is "well settled" that the Due Process Clause applies to all individuals within the United States, including aliens, whether their presence here is unlawful or lawful. *Cuello v. Adduci*, No. 10–13641, 2010 WL 4226688, at *5 (E.D. Mich. Oct. 21, 2010) (citing *Zadvydas*, 533 U.S. at 693). Before removal, the authority to detain an alien is governed by 8 U.S.C. § 1226, which provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." *Parlak v. U.S. Immigration and Customs Enf't*, Case No. 05–2003, 2006 WL 3634385, at *1 (6th Cir. Apr. 27, 2006). The Attorney General "may continue to detain the arrested alien" or release the alien on bond or conditional parole so long as the alien has not been convicted of one of the enumerated categories of criminal offenses or terrorist activities, which it appears from the record Kumar has not been. 8 U.S.C. §§ 1226(a)(1), (2); 8 U.S.C. § 1226(c)(1); *see Cuello*, 2010 WL 4226688 at *5 (citing *Agyeman v. INS*, 74 F. App'x 691, 693 (9th Cir. 2003)). This discretion is exercised in the form of an individualized bond hearing at the outset of detention, which the alien is entitled to under 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). *See Cuello*, 2010

WL 4226688 at *5 (citing *Contant v. Holder*, 352 F. App'x 695 (3d Cir. 2009)). Whether bond is granted depends on consideration of factors such as flight risk and danger to the community. *Kira v. Jennifer*, No. 01-CR-70559-DT, 2001 WL 558231, at *2 (E.D. Mich. Mar. 29, 2001). Once the Attorney General exercises his or her discretion by deciding whether the alien should be detained or released on bond, the alien may seek review of that decision by an immigration judge, as Kumar did in this case. 8 C.F.R. § 236.1(d); *see Cuello*, 2010 WL 4226688 at *5; *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 449 (D.N.J. 2004); *Zavala v. Ridge*, 310 F. Supp. 2d 1071, 1074 (N.D. Cal. 2004). Critically, the Attorney General's exercise of his or her discretion in making a bond determination regarding aliens detained pursuant to § 1226(a) is not reviewable by this Court. 8 U.S.C. § 1226(e). As stated by § 1226(e), "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." The Court thus lacks subject-matter jurisdiction to review the Attorney General's decision to twice deny Kumar bond.

Even if this Court had jurisdiction to review denial of Kumar's bond, the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018) expressly foreclosed any argument that Kumar is entitled to additional periodic bond hearings under the Due Process Clause or that the length of his detention prior to the bond hearings should inform the

decision about whether he will be released on bond. Additionally, the Sixth Circuit, in *Ly v. Hansen*, 351 F.3d 263, 268 (6th Cir. 2003), held that pre-removal detention is permissible "for a time reasonably required to complete removal proceedings in a timely manner." Kumar has been held in custody only during the pendency of his removal proceedings, which have included several appeals to the BIA. This is not the type of case where "actual removal is not reasonably foreseeable," as was the case in *Ly*. 351 F.3d at 273 (citing *Zadvydas*, 533 U.S. at 690). To the contrary, here an immigration judge has already ordered Kumar's removal and that order is now pending on appeal to the BIA, with briefs from the parties due on October 11, 2019. A final decision on whether Kumar will be removed from the United States is likely imminent.

Additionally, Petitioner's claim regarding his security classification is not cognizable because incarcerated individuals have no constitutional right to be held in a specific security classification. *Simmons v. Curtin*, No. 10–cv–14751, 2010 WL 5279914, at *2 (E.D. Mich. Dec. 17, 2010) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245–46 (1983)). Similarly, his challenge to the conditions of confinement that existed on a particular night during his detention must be litigated via a civil rights suit, not a habeas petition. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Habeas petitions submitted pursuant to § 2241 may challenge only the fact of conviction or detention, or the duration of the petitioner's sentence.

## CONCLUSION

For these reasons, Petitioner Naresh Kumar's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** with prejudice.

Dated: October 24, 2019        s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE