UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KUMAR NARESH**,<br><br>　　　　　Petitioner,<br><br>v.<br><br>**MICHAEL KLINGER, District Director, Bureau of Immigration and Customs Enforcement, Detroit Field Office**,<br><br>　　　　　Respondent. | 2:19-cv-12800<br><br>HON. TERRENCE G. BERG<br><br>**SUPPLEMENTAL ORDER** |

　　　　Petitioner Naresh Kumar[1] is being held in immigration detention in the Chippewa County Correctional Facility, in Sault Ste. Marie, Michigan, while the Board of Immigration Appeals considers his appeal of a final order of removal. This Court previously issued an order dismissing Kumar's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 because the Court lacks subject-matter jurisdiction to review the Attorney General's discretionary bond determination. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."). On

---

[1] The case caption identifies Petitioner as "Kumar Naresh," but he signs his pro se hand-written pleadings as "Naresh Kumar," and for that reason the Court will proceed on the assumption that Petitioner's name is Naresh Kumar.

1

November 4, 2019, this Court received a letter from Kumar, ECF No. 10, in which he asked the Court to look more closely at one of the bases for relief asserted in his habeas petition—his allegedly unlawful arrest and detention by the Grand Rapids Police Department, which set into motion the events which led the United States Department of Homeland Security and Immigration and Customs Enforcement to become aware that Kumar was residing in the United States without a valid visa and, ultimately, to place him in removal proceedings and hold him in immigration detention without bond.

Individuals in immigration detention may petition for writs of habeas corpus under 28 U.S.C. § 2241. As stated in this Court's previous order, "[h]abeas petitions submitted pursuant to § 2241 may challenge only the fact of conviction or detention, or the duration of the petitioner's sentence." ECF No. 9, PageID.54. The allegations in Kumar's § 2241 habeas petition concerning his initial criminal arrest and detention by the Grand Rapids Police Department do not directly implicate his current immigration detention. Rather, the criminal arrest, whether lawful or unlawful, brought Kumar to the attention of immigration authorities, who determined that he had overstayed his nonimmigrant visa by several years, placed him in removal proceedings, and made the decision— unreviewable by this Court—to hold Kumar in immigration detention without bond during the pendency of his removal proceedings, which are almost complete. *See* ECF No. 6-1 (Parminderjit Sidhu Decl.).

The Court has reviewed Kumar's full petition, as well as his recently filed letter. While it is understandable that, if the allegations in the petition and letter are true, and Kumar believes his arrest and detention by the Grand Rapids Police Department were unjustified, the way to seek relief for this claim is to file a separate civil rights action pursuant to 42 U.S.C. § 1983.

The allegations of improper conduct pertaining to that criminal arrest do not undercut the independent authority of the Department of Homeland Security and Immigration and Customs Enforcement to place Kumar in removal proceedings and hold him in immigration detention. This Court has already dismissed Kumar's habeas petition for lack of subject-matter jurisdiction and declines to construe the filing as a § 1983 complaint. Courts frequently dismiss habeas petitions for lack of subject-matter jurisdiction without prejudice to a petitioner's potential § 1983 claims, permitting the detained individual to later assert his civil rights claims properly. *Martin v.* Overton, 391 F. 3d 710, 714 (6th Cir. 2004). *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("We conclude that the district court did not err in dismissing the § 2254 petition for lack of subject matter jurisdiction, rather than construing the filing as a § 1983 suit."); *Inyang v. Holder*, No. 1:13 CV 2752, 2014 WL 1896636, *5 (N.D. Ohio May 12, 2014) ("[T]he Court should not attempt to construe the petition as a complaint for relief under 42 U.S.C. § 1983, but rather

3

should dismiss the claims without prejudice in order to allow the petitioner to file a proper § 1983 action.").

Dated: December 3, 2019  s/Terrence G. Berg
                        TERRENCE G. BERG
                        UNITED STATES DISTRICT JUDGE

4